# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-00198-FDW

| | |
|---|---|
| QUANTAY LOVE, SR., | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| STATE OF NORTH CAROLINA COUNTY OF BUNCOMBE, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner Quantay Love, Sr.'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and motion to proceed in forma pauperis (Doc. No. 2).

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who pled guilty in Buncombe County Superior Court to two counts of possession of a firearm by a convicted felon and two counts of having attained habitual felon status. The trial court sentenced Petitioner to an active term of imprisonment. Judgment was entered on September 28, 2017. (§ 2254 Pet. 1, Doc. No. 1.)

Petitioner did not appeal his judgment. (§ 2254 Pet. 1.) He filed the instant habeas Petition on July 11, 2018, when he signed it under penalty of perjury and placed it in the prison mailbox (§ 2254 Pet. 15). See Houston v. Lack, 487 U.S. 266, 267 (1988). He raises a single ground for relief which appears to challenge the sufficiency of the evidence for the two possession convictions. (§ 2254 Pet. 5).

1

## II.	STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes that the Petition must be dismissed without prejudice because Petitioner has not exhausted his state court remedies.

## III.	DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a petitioner exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

As an initial matter, Petitioner did not file a direct appeal challenging his judgments (§ 2254 Pet. 2). That fact is not necessarily fatal to his § 2254 petition, if Petitioner demonstrates that he has exhausted his habeas claims by properly raising them elsewhere in the state courts. According to Petitioner, however, he has not raised any of his grounds for relief in a post-conviction motion for appropriate relief or a petition for habeas relief in the state trial court.[2] (§ 2254 Pet. 3, 6, 10, 12.)

In short, Petitioner has not provided the state courts any opportunity to resolve his federal constitutional claims. Consequently, he has not exhausted his available state remedies. See O'Sullivan, 526 U.S. at 845.

Therefore, the Court shall dismiss the instant habeas Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes. Petitioner is forewarned, however, that a one-year statute of limitation applies to the filing of a § 2254 petition. See 28 U.S.C. § 2244(d)(1). Generally, the statute of limitation begins to run on the date a petitioner's conviction becomes final, see § 2244(d)(1)(A), and is tolled while a properly filed post-conviction action is pending in the state courts, see § 2244(d)(2).

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as unexhausted;

---

[2] Although Petitioner states he has written the Buncombe County Superior Court Clerk "many times" trying to file motions and appeals (§ 2254 Pet. 5-6), he acknowledges that he has not raised his habeas claim in any of the motions he has attempted to file in the state trial court (§ 2254 Pet. 12).

2) Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED** for the sole purpose of dismissing this action; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 31, 2018

Frank D. Whitney
Chief United States District Judge